UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| GUSTAVO HERNANDEZ,<br><br>　　　　　　　　　　　Plaintiff,<br>　v.<br>JASMIN SPELLS, *et al.*,<br>　　　　　　　　　　　Defendants. | Case No. 3:22-cv-00212-MMD-CLB<br><br>ORDER |

**I.　SUMMARY**

*Pro se* Plaintiff Gustavo Hernandez, who is an inmate in the custody of the Nevada Department of Corrections ("NDOC"), brings this action under 42 U.S.C. § 1983 against Defendants Deputy Public Defender Jasmin Spells, Nevada District Court Judge Kerry Earley, Deputy District Attorney John Niman, Nevada District Court Judge Jacqueline Bluth, and Deputy District Attorney Maria Lavelle. (ECF No. 7-1.) The Court ordered Hernandez to either pay the filing fee or file an application to proceed *in forma pauperis* (ECF No. 6), and Hernandez filed his application to proceed *in forma pauperis* along with a proposed amended complaint (ECF Nos. 7 ("IFP Application"), 7-1 ("Complaint")). Before the Court is a Report and Recommendation ("R&R") of United States Magistrate Carla L. Baldwin (ECF No. 8),[1] recommending the Court dismiss the Complaint with prejudice and without leave to amend, and deny the IFP Application as moot. Hernandez filed an objection to the R&R. (ECF No. 10 ("Objection").)

Because the Court agrees that Hernandez's claims are barred by the *Heck* doctrine, the Court will adopt the R&R in its entirety. Accordingly, the Court will dismiss the

---

[1]The R&R was made to U.S. District Judge Anne R. Traum in error, which the Court noted on the docket after it was issued. (ECF No. 9.)

Complaint without prejudice, but without leave to amend, and will deny the IFP Application as moot.

## II. BACKGROUND

Hernandez asserts due process and equal protection claims under the Fourteenth Amendment against Defendants. (ECF No. 7-1 at 2-6.) In his Complaint, Hernandez alleges that Defendants entered into a conspiracy to convict him as evidenced by denying him the right to represent himself in his criminal trial. (C-16-315348-1). (*Id.* at 2.) Hernadez claims Deputy DA Lavelle objected to him exercising his right to self-representation in his criminal trial, and that Judge Earley refused to conduct a *Faretta* hearing. (*Id.* at 4.) Hernandez further argues that in his state habeas corpus case, Judge Bluth merely adopted Deputy DA Niman's proposed findings, showing that the state court conspired with the prosecution to convict him. (*Id.* at 5-6.) Hernandez further argues that Deputy PD Spells was not acting as his counsel, but rather as a "dictator" who showed "no desire" to represent him. (*Id.* at 6.) Hernandez seeks punitive damages in the amount of $400,000 per Defendant. (*Id.* at 8.)

Hernandez attaches five exhibits to the Complaint: (1) a document titled "State's Response to Defendant's Petition for Writ of Habeas Corpus (Post-Conviction, Motion for Appointment of Counsel and Motion for Evidentiary Hearing," file-stamped August 19, 2021, and signed by Deputy DA Niman (*id.* at 10-33 ("Exhibit One")); (2) an unsigned, unstamped document setting forth findings of fact, conclusions of law, and entry of judgment in Hernandez's state habeas corpus case (*id.* at 35-52 ("Exhibit Two")); (3) the signed and file-stamped—and otherwise identical—document setting forth findings of fact, conclusions of law, and entry of judgment issued by Judge Bluth (*id.* at 54-73 ("Exhibit Three")); (4) the cover sheet for the state court's decision in Hernandez's state habeas corpus case (*id.* at 75-76 ("Exhibit Four")); and (5) a letter from Deputy PD Spells dated August 30, 2017, apprising Hernandez of current updates in his case and informing him of the PD's current legal strategy (*id.* at 78-79 ("Exhibit Five")).

In Exhibit 3, Judge Bluth recites the procedural history of Hernandez's criminal

case, noting that Hernandez was convicted, sentenced, and appealed his conviction, which was affirmed by the Nevada Court of Appeals. (*Id.* at 55-56.) Hernandez then moved for an extension of time to file his petition for writ of habeas corpus in state court, which was denied. (*Id.* at 56.) Hernandez then filed a petition for writ of habeas corpus, a motion for appointment of counsel, and a motion for evidentiary hearing. (*Id.*) The state court denied the petition as untimely and further found that certain grounds were outside the scope of habeas relief. (*Id.* at 60-68.) Most pertinent to this action, the state court addressed Hernandez's argument that he was denied a *Faretta* hearing and was not permitted to represent himself, but found that his claim was waived because it was not raised on direct appeal of his criminal conviction and dismissed that ground along with others that were waived. (*Id.* at 67-68.)

Having reviewed the documents Hernandez submitted to this Court, Judge Baldwin determined that Hernandez is essentially challenging the constitutionality of his state court conviction. (ECF No. 8 at 4.) Because Hernandez has not demonstrated that the conviction has been overturned, Judge Baldwin found that he may not proceed with an action under § 1983 because his claims would be barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). (*Id.* at 5.) Judge Baldwin therefore recommended the Court dismiss Hernandez's claims without prejudice and without leave to amend because his sole relief is a habeas corpus action. (*Id.* at 4-5.)

In his Objection, Hernandez argues that his claims are not barred by the *Heck* doctrine because he is not challenging the legality of his custody. (ECF No. 10 at 3.) Instead, Hernandez argues he only seeks damages under § 1983 for the violation of his Sixth Amendment right to self-representation and Fourteenth Amendment right to due process of law. (*Id.* at 3-4.)

### III.  LEGAL STANDARD

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where a party timely objects to a magistrate judge's report and recommendation, then the Court is

3

required to "make a de novo determination of those portions of the [report and recommendation] to which objection is made." *Id.* The Court's review is thus de novo because Hernadez filed his Objection. (ECF No. 10.)

## IV. DISCUSSION

The Court agrees with Judge Baldwin's determination that Hernandez's claims are *Heck*-barred. Hernandez argues that he has met the two-prong requirement to state a claim under § 1983—that he has suffered a violation of a federally-protected right and that the violation was caused by a person or official acting under the color of state law. (ECF No. 10 at 2.) While Hernandez is correct that the Complaint meets those two requirements, those are not the only requirements to state a claim under § 1983. The Supreme Court has explained that courts may not hear claims brought under § 1983 "if 'a judgment in favor of the [incarcerated] plaintiff would necessarily imply the invalidity of his conviction or sentence,' unless the prisoner can demonstrate that the conviction or sentence has been previously invalidated." *Edwards v. Balisok*, 520 U.S. 641, 643 (1997) (quoting *Heck v. Humphrey*, 512 U.S. 477, 487 (1994)). Put another way, even if Hernandez does not intend to challenge the legality of his conviction in this action and merely wishes to pursue damages, the Court is required to consider whether a decision in his favor would implicate the validity of his state court conviction and sentence.

"The critical question under *Heck* is a simple one: Would success on the plaintiff's § 1983 claim 'necessarily imply' that his conviction was invalid?" *Byrd v. Phoenix Police Dep't*, 885 F.3d 639, 643 (9th Cir. 2018) (quoting *Heck*, 512 U.S. at 487). In *Faretta v. California*, the Supreme Court recognized that an individual has the right to represent themselves and proceed without an attorney. *See* 422 U.S. 806, 819 (1975) ("The Sixth Amendment does not provide merely that a defense shall be made for the accused; it grants to the accused personally the right to make his defense."). "While a defendant's choice to proceed pro se 'must be honored out of that respect for the individual which the lifeblood of the law,' the Constitution 'requires that any waiver of the right to counsel be knowing, voluntary, and intelligent.'" *Rishor v. Ferguson*, 822 F.3d 482, 495 (9th Cir. 2016)

(citations omitted). The Seventh Circuit has held that failing to hold a *Faretta* hearing in accordance with these principles is a cognizable ground for federal habeas relief because the right to self-representation is clearly established. *See Tatum v. Foster*, 847 F.3d 459, 469 (7th Cir. 2017). The Ninth Circuit has likewise held that a defective *Faretta* waiver "is conclusive and request automatic reversal of a defendant's conviction." *United States v. Mohawk*, 20 F.3d 1480, 1484 (9th Cir. 1994); *see also Tamplin v. Muniz*, 894 F.3d 1076, 1084-89 (9th Cir. 2018) (reasoning that the Sixth Amendment violation is complete at the time the *Faretta* request is unlawfully denied).

Because Hernandez's § 1983 claims, if successful, would call into question whether his conviction must be reversed, the Court finds they are barred by the *Heck* doctrine. In his Complaint, Hernandez challenges actions by his public defender, the district attorneys, and the judge in his criminal case for depriving him of his constitutional right to represent himself. If this Court were to conclude that Defendants engaged in a conspiracy that deprived Hernandez of a constitutional right, that would necessarily imply the invalidity of his conviction and sentence.[2] The Court may therefore only consider these claims after Hernandez's conviction or sentence has been invalidated, which does not appear to be the case because Hernandez sought state habeas corpus relief but was denied. If Hernandez wishes to pursue these claims, he must either assert them as part of a habeas corpus petition or otherwise have his conviction or sentence invalidated.

But even if Hernandez's claims were not *Heck*-barred, the Court would be required to dismiss the Complaint. Under what is known as the *Rooker-Feldman* doctrine, this Court does not have subject-matter jurisdiction over errors allegedly committed by state courts. *See Rooker v. Fidelity Tr. Co.*, 263 U.S. 413, 416 (1923) ("The jurisdiction possessed by the District Courts is strictly original."); *D.C. Ct. of Appeals v. Feldman*, 460 U.S. 462, 482

---

[2]Other district courts that have considered similar issues have found the same. *See, e.g., Brown v. Spiga*, Case No. CV 15-8585-ODW (AGR), 2018 WL 3435414, at *4 (C.D. Cal. Jun. 21, 2018) (finding that an allegation of a Sixth Amendment violation involving a conspiracy between prosecutors and a public defender would "necessarily invalidate" the plaintiff's conviction), *adopted by* 2018 WL 3436818 (C.D. Cal. Jul. 13, 2018).

(1983) ("[A] United States District Corut has no authority to review final judgments of a state court in judicial proceedings."). The *Rooker-Feldman* doctrine even applies when the state court's actions involve federal constitutional issues. *See Feldman*, 460 U.S. 483-85 (concluding that federal district courts "do not have jurisdiction . . . over challenges to state court decisions in particular cases arising out of judicial proceedings even if those challenges allege that the state court's action was unconstitutional"). "Because district courts lack power to hear direct appeals from state court decisions, they 'must decline jurisdiction whenever they are in essence being called upon to review the state court decision.'" *Richmond v. Cockrum*, Case No. 20-cv-00389-RMI, 2020 WL 2494566, at *4 (N.D. Cal. May 14, 2020) (quoting *Doe & Assocs. Law Offices v. Napolitano*, 252 F.3d 1026, 1030 (9th Cir. 2000)). Here, Hernandez asks the Court to find that the decisions of two judges—first Judge Earley's decision to deny him a proper *Faretta* hearing, second Judge Bluth's decision that this was not a cognizable ground for habeas corpus relief—were contrary to law and violated his constitutional rights. Hernandez is in effect seeking collateral review of two state court decisions. Regardless of whether a constitutional violation did occur, this Court lacks subject matter jurisdiction to review those decisions as part of a § 1983 claim.

**V.     CONCLUSION**

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the issues before the Court.

It is therefore ordered that Hernandez's objection (ECF No. 10) to the Report and Recommendation of U.S. Magistrate Judge Carla L. Baldwin is overruled. The Report and Recommendation (ECF No. 8) is therefore adopted in full.

The Clerk of Court is directed to detach and file the complaint (ECF No. 7-1).

It is further ordered that the complaint is dismissed without prejudice and without leave to amend.

It is further ordered that the application to proceed *in forma pauperis* (ECF No. 7) is denied as moot.

The Clerk of Court is directed to enter judgment accordingly and close this case.

DATED THIS 1st Day of August 2022.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE